IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CHARONIS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST CHURCH OF CHRIST, SCIENTIST, PITTSBURGH,<br>                    Defendant. | Civil Action No. 2:23-cv-456-RJC |

## **MEMORANDUM ORDER OF COURT**

This matter was removed to this District on March 16, 2023. Defendant filed a Motion to Dismiss (ECF No. 7) on April 21, 2023. When the Court was presented with a Motion to Withdraw (ECF No. 9) filed by Plaintiff's previous counsel on May 12, 2023, the Court ordered as follows on May 14, 2023:

> Upon consideration of the Motion for Leave to Withdraw as Counsel filed by J.P. Ward & Associates, LLC and Joshua P. Ward, Esq., it is hereby ordered that the Motion is granted, in part, and denied without prejudice, in part. This action and all outstanding deadlines are stayed for a period of ninety (90) days from today's date while Plaintiff attempts to secure replacement counsel. In light of the same, Plaintiff's response to Defendant's Motion to Dismiss is due by 8/14/23. It is further ordered that the Motion for Leave to Withdraw is denied, without prejudice, as to the Motion to Withdraw as Counsel. Plaintiff and Attorney Ward will be permitted to re-submit a Motion to Withdraw when replacement counsel has entered an appearance.

ECF No. 10.

The Court notes that it held a status conference in this matter on August 23, 2023, consistent with its prior Order at ECF No. 11, which provided:

> ORDER: Given that replacement counsel has not entered an appearance during the ninety (90) day stay of this case, a telephonic status conference is scheduled for August 23, 2023 at 11:00 a.m. to discuss the pending Motion to Withdraw and a final deadline for a response to the pending Motion to Dismiss. The parties are advised that the Court intends, in the absence of changed circumstances since the filing of the Motion to Withdraw, to permit Plaintiff's counsel to withdraw during the status conference. Mr. Charonis should be prepared to discuss whether he has secured replacement counsel or intends to proceed pro se.

ECF No. 11.

Following the August 23, 2023 status conference, which neither Plaintiff nor his previous counsel attended, the Court entered an Order permitting previous counsel to withdraw, and further permitting Plaintiff a final extension of thirty days (September 22, 2023) to file a response, whether pro se or through new counsel, to Defendant's Motion to Dismiss. The Court mailed a copy of that Order to the address listed in Plaintiff's Complaint at ¶ 1, and the Order was not returned to the Court as undelivered. As of today's date, no response to the Motion to Dismiss has been filed. The Court further notes that the only action taken by Plaintiff following this action's removal to this District was his previous counsel's filing of the Motion to Withdraw on May 12, 2023.

In light of the above, the Court entered an Order on October 12, 2023 directing Plaintiff to show cause, by no later than October 26, 2023, as to why this matter should not be involuntarily dismissed for failure to prosecute and for failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). The Court further cautioned Plaintiff that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." The Court mailed a copy of the Show Cause Order to the address listed in Plaintiff's Complaint at ¶ 1, and that Order was also not returned to the Court as undelivered. The October 26, 2023 deadline has passed, and Plaintiff has not responded to the Show Cause Order in any manner.

"A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Jones v. New Jersey Bar Ass'n*, 242 F. App'x 793, 793 (3d Cir. 2007). The United States Court of Appeals for the Third Circuit has explained:

> Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is opposing the motion, the court must consider several factors in reaching its decision: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.

*Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984)). The Court notes that, "[w]hen a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones*, 242 F. App'x at 794 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir.1990); *Spain*, 26 F.3d at 454–55). In *Jones*, the Third Circuit affirmed dismissal of an action *with prejudice* where it found that a litigant's conduct made adjudication of the action impossible. *Id*. With respect to balancing the *Poulis* factors, the Third Circuit has explained:

> In balancing the *Poulis* factors, we do not have a "magic formula" or "mechanical calculation" to determine whether a District Court abused its discretion in dismissing a plaintiff's case. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992). While "no single *Poulis* factor is dispositive," [*Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003)], we have also made it clear that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373.

*Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

Initially, the Court finds that Plaintiff's conduct in this matter makes adjudication of this action impossible, and this Court is, accordingly, within its discretion to dismiss this matter without a balancing of the *Poulis* factors. *Jones*, 242 F. App'x at 794. Outside of Plaintiff's counsel's withdrawal, Plaintiff has taken no action in this matter since the time that it was removed to this

3

District, despite Plaintiff being afforded a number of extensions of time to file a response to Defendant's Motion to Dismiss, as well as opportunities to explain his inaction in this litigation to the Court. Plaintiff's inaction supports an inference that he was willingly abandoned his lawsuit, and this case obviously cannot proceed without his participation. As such, dismissal is warranted on the basis that Plaintiff's inaction renders adjudication of this case impossible.

The Court further finds that a weighing of the *Poulis* factors also supports dismissal of this action with prejudice. While a court does not need to find that all six factors are satisfied to dismiss a case, the Third Circuit has "always required consideration and balancing of *all six* of the factors, and [has] recommended the resolution of any doubts in favor of adjudication on the merits." *United States v. $8,221,877.16 in U.S. Currency*, 330 F.3d 141, 162 (3d Cir. 2003).

Turning to the first factor, personal responsibility, the Court notes that, following the withdrawal of Plaintiff's previous counsel due to a breakdown in communications and irreconcilable differences that counsel averred made "it impossible for the [counsel] to continue as legal counsel for Plaintiff in this matter," ECF No. 9 at ¶ 4, Plaintiff has been proceeding pro se in this case. "When acting pro se, the party is considered personally responsible for his or her actions[,]" and, "[i]n situations that are directly attributable to a party's personal failure, this factor often weighs strongly in favor of dismissal." *Johnson v. O'Conor*, Civil Action No. 17-2236 (JMV) (AME), 2023 WL 2929436, at *2 (D.N.J. Apr. 13, 2023) (citations omitted). As noted, Plaintiff has taken no action in this case following its removal to this District. This factor weighs heavily in favor of dismissal.

With respect to prejudice to Defendant, it bears noting that Plaintiff's failure to prosecute has left this case at a procedural posture where a motion to dismiss has been pending unopposed on the docket since April of this year. Plaintiff's failure to participate in this case in any manner

4

and his failure to comply with the Court's Orders requiring Plaintiff to respond to the pending motion to dismiss have prejudiced Defendant by halting the progress of this action and by causing the inevitable dimming of witnesses' memories. *See Johnson* 2023 WL 2929436, at *3. The Court finds that this factor weighs in favor of dismissal.

It is also beyond question that Plaintiff has displayed a history of dilatoriness since the inception of this action. He has ignored every order issued by this Court, has not appeared in any manner, and has not responded to the motion to dismiss despite being granted a number or extensions to do so. This factor also weighs in favor of dismissal.

While the Court cannot determine on this record whether Plaintiff's inaction is motivated by bad faith, it finds that Plaintiff's repeated failure to comply with the Court's orders displays willful abandonment of this action. *See Johnson* 2023 WL 2929436, at *3 (holding that "[plaintiff's] repeated failures to comply with this Court's Orders, however, demonstrate that Plaintiff has willfully abandoned the litigation."). This factor weighs in favor of dismissal.

"[W]hen the plaintiff appears unwilling to proceed with the litigation, alternative sanctions are ineffective." *Id.* at * 4. As noted above, Plaintiff's inaction signals that he has no interest in pursuing his lawsuit. Accordingly, this factor also weighs in favor of dismissal.

Having found that the first five factors favor dismissal, the Court need not resolve the issue of whether there is merit to Plaintiff's claims in deciding whether to dismiss the case. *See id.* at * 5 ("In any event, given that the other five factors weigh in favor of dismissal, this factor is at most 'neutral' and will not prevent dismissal."). It bears noting that Defendant has moved to dismiss Plaintiff's Complaint, and the motion to dismiss remains unopposed at this time. This factor is at best neutral, and dismissal for failure to prosecute is appropriate.

Plaintiff's inaction following the removal of this action to this District has rendered adjudication of this case impossible, and dismissal is warranted on that basis. As discussed above, even if this Court were to rely on a balancing of the *Poulis* factors in determining whether dismissal was appropriate, the Court would find that dismissal of Plaintiff's Complaint with prejudice is warranted. Accordingly, for the reasons discussed above, it is hereby ORDERED that Plaintiff's Complaint (ECF No. 1-4) is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with court orders. Defendant's Motion to Dismiss is dismissed as moot. The Clerk of Courts shall mark this case as CLOSED.

s/Robert J. Colville
Robert J. Colville
United States District Judge

Dated: October 30, 2023

cc:   All Counsel Currently of Record

   David Charonis
   1151 Freeport Road, Suite 104
   Pittsburgh, PA 15238